NUTTING *vs.* HILL *et al.*, assignees.

1. Where an action was brought upon a negotiable instrument by the holders thereof, who alleged that they were assignees of a certain bank, these words were surplusage or mere words of description, and a plea of *nul tiel* corporation to such an action was demurrable.
2. By the acts of 1870 and 1872 the Citizens' Bank of Georgia was duly incorporated and chartered.
3. Where to a suit on a promissory note by certain plaintiffs, who alleged themselves to be the assignees of a bank, a plea of set-off was filed to the effect that certain persons had been depositors in the bank of which the plaintiffs were assignees and receivers, and that, after the assignment and before the bringing of this suit, they transferred to defendant for value their claim, such plea was demurrable, it nowhere being alleged that the assignees took with notice.

February 2, 1884.

Corporations. Banks. Actions. Pleadings. Assignees. Before Judge CLARK. City Court of Atlanta. June Term, 1883.

Hill et al., assignees, brought complaint in the statutory form against J. F. Nutting, as principal, and W. H. Nutting et al., as indorsers, on two promissory notes. The declaration began as follows : " The petition of Lodowick J. Hill and William S. Thomson, who sue as the assignees and receivers of the Citizens' Bank of Georgia, showeth " that the defendants are indebted to them, etc. The copy notes attached to the declaration were signed by J. F. Nutting, payable to W. H. Nutting or order, and indorsed by W. H. Nutting and Stephens & Flynn. Defendant W. H. Nutting pleaded nul tiel corporation and set-off, as stated in the decision. On demurrer, these pleas were stricken ; a verdict and judgment were rendered for the plaintiffs, and defendant excepted.

W. R. BROWN ; W. I. HEYWARD, for plaintiff in error.

CANDLER & THOMSON, for defendants.

BLANDFORD, Justice.

The defendants in error brought their action upon a promissory note against the plaintiff in error, in which they alleged that they were assignees and receivers of the Citizens' Bank. The defendant pleaded, first, nul tiel corporation. Second, set-off, in which plea of set-off it was alleged, "that said plaintiffs are justly indebted to him in the sum of $239.63, for money originally deposited in said Citizens' Bank by Brumby & Bro., Cleaton & Johnson and Joseph Kerwood, all of which is evidenced by the books of said bank, of which bank plaintiffs are assignees and receivers. Said parties, depositors as aforesaid, for a valuable consideration, some time after the assignment made by said bank, did transfer, sell and assign their several claims unto defendant, before the bringing of any action

against him by plaintiffs." These pleas were demurred to by the plaintiffs, the demurrer was sustained and the pleas stricken by the court, and this is excepted to and error assigned thereon.

The demurrer was properly sustained to both pleas. The plea of *nul tiel* corporation had nothing to rest upon; first, because the action was brought upon a negotiable instrument by Hill and Thomson, who alleged that they were assignees, etc., and these words were surplusage, words merely of description; and further by the acts of 1870 and 1872, the Citizens' Bank was duly incorporated and chartered.

The demurrer to the set-off was properly sustained; it nowhere alleged that Hill and Thomson were assignees with notice, or that they were not *bona fide* assignees without notice. Code, §2244, is decisive of this question.

The judgment is affirmed.